# UNITED STATES, EX REL. AUGUSTUS M. WARFIELD

## vs.

## GEORGE S. BOUTWELL, SECRETARY OF THE TREASURY. °

---

The Secretary of the Treasury is vested with the power to ascertain by inquiry, who are the persons entitled to the 20 per cent. increase under the Act of Congress of February 28, 1867, and the court cannot interfere by mandamus to control his judgment as to who are the persons so entitled.

At Law.   No 6245.   Decided January 11, 1870.

CERTIFIED to the General Term for hearing in the first instance.

This was an application for a writ of mandamus to compel the Secretary of the Treasury and the Comptroller of the Treasury to cause to be paid to the petitioner $248.50, being 20 per cent. upon $1,242.50, the amount of his wages as a machinist in the Printing Bureau at $3.50 per day during the year 1867.

The case was heard on a motion to dismiss the rule to show cause.

Mr. S. S. HENKLE for petitioner.

Mr. E. C. CARRINGTON, United States District Attorney, for respondent.

Mr. Chief Justice CARTTER delivered the opinion of the Court:

The petition discloses facts which are fatal to the application for mandamus.   A majority of the court are convinced that the writ will not lie in this case.   The difficulty here is that the class of individuals on whom the law confers the 20 per cent., are, under the law, to be determined by the Secretary.   We do not see how this court can control the action of the Secretary in making this determination.

The right to issue the writ of mandamus to officers of the Government is limited to cases where the duties to be performed are strictly ministerial as in the case of Stokes *vs.* Kendall, where the duty to be performed was merely to enter a credit on the books of the Department.

Now here the officers of the Government are required to make certain inquiries as to the position and emoluments of certain employees, and to base on these inquiries the payment of certain sums to certain persons who should be found to come within the provision of the law. We think we have no power to interfere with the conclusions of the Secretary derived from that investigation.

Mr. Justice OLIN dissented.